### ROBIN ET ALS vs. CASTILLE.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The heirs of the deceased wife, who dies without leaving descendants, have a right at once to demand her paraphernal property, without waiting for a settlement and liquidation of the community of acquests and gains, with the surviving husband.

The wife, during the existence of the community, has a right to resume the administration of her paraphernal property.

When the wife dies, *her heirs* are seized of all the effects, constituting her separate estate, from the moment of her decease.

Money received by the husband during marriage, on account of his wife, does not fall into the community, but remains her separate property.

This is an action by the plaintiffs, who are the father, and brother and sisters, of Aimé Robin, deceased, late wife of the defendant, J. B. Castille, to recover from him two sums of money, of seven hundred and thirty-nine dollars, and seven hundred and thirty dollars, which he received as portions, during marriage, inherited by his said wife from her grandmother. The defendant gave his two receipts, dated in 1829 and 1830, for said sums of money. His wife afterwards died, without leaving any descendants, and the

plaintiffs being the only surviving legitimate heirs, claim these sums, with a legal mortgage on all the defendant's property, for their re-payment, amounting in all to one thousand four hundred and sixty-nine dollars.

The plaintiffs pray judgment against the defendant, for said sum of money, with legal interest thereon, and that they may be decreed, to have a legal mortgage on all his lands and slaves, from the several periods when said sums of money were received by him.

The defendant pleaded a general denial; that the plaintiffs accorded him, by an act signed before a justice of the peace, one and two years, to pay whatever sums he might owe them, wherefore this action is premature, and ought to be dismissed. He further alleged, that a community of property existed between him and his late wife, to which the plaintiffs have never renounced, but have accepted it purely and simply; that the community has not been settled, and the plaintiffs cannot set up any right or claim against him, until a final settlement is had; that the community owes a number of debts, and is subject to many charges, to which the plaintiffs ought to contribute, and which cannot be ascertained, until a liquidation and regular settlement takes place; and that when a settlement is had, he will not be found indebted, or if he owes any thing, it is very small; and that the plaintiffs have no right to proceed in this suit; he prays that their demand be rejected, &c.

The plaintiffs introduced in evidence, in support of their demand, the two receipts set out in their petition, and given by the defendant, for the money sued for, with proof of their execution.

The defendant introduced the inventory and proceedings in the Probate Court, had in relation to his wife's succession. The inventory of her property, as taken by the parish judge of St. Martin, amounted to only one thousand one hundred and ninety-nine dollars, besides a few small debts.

The district judge gave judgment for the amount of the plaintiffs' claim, with interest, and mortgage on the defendant's estate, until final payment. The defendant appealed.

*Lewis,* for the plaintiffs.

1. Plaintiffs, as heirs of defendant's deceased wife, have a right to sue for and recover from the defendant, the amount of her paraphernal property, received by him, *without previously* renouncing the community between them.

2. The simple fact of not renouncing, does not amount to an absolute acceptance of said community. They might be called on to accept or renounce, and in that event only, are they bound to decide, which they will do. *La. Code,* 2383 *and* 2379.

3. Even if plaintiffs had accepted the community, still defendant is bound to account to them for the paraphernal rights of his wife, and the rights of the parties in the community remain as they were before instituting this suit.

*Simon,* for the defendant, contended, that the heirs of the deceased wife could not sue the surviving husband for her interest in the community, until it is settled and the debts paid off.

2. The heirs cannot sue until they renounce the community of property belonging to the deceased wife. Until this is done, which has not been done here, they cannot recover back her dotal or paraphernal effects. *La. Code,* 2379, 2380 *and* 2381. 4 *Favarde,* 884.

*Bullard J.,* delivered the opinion of the court.

The plaintiffs sue as heirs at law, of the deceased wife of the defendant, for the sum of one thousand four hundred and sixty-nine dollars, received by him during the marriage, as the share of his wife, in the succession of her grandmother, and which constitute her paraphernal estate. The defendant resists their claim, on the plea, that there existed between him and his late wife a community of acquests and gains, which the plaintiffs have never renounced, but which on the contrary, they have accepted purely and simply; that the community has never been in any way settled, nor partaken between him and the plaintiffs; that it is only in settling the community, that the rights of the parties against it, can be

ascertained and liquidated, and that the plaintiffs have no right to set up any claim against the respondent, until the said community is brought to a final settlement; that the plaintiffs are bound to pay one-half of the debts of the community, and that on a fair settlement, it will be found,' that the defendant is not indebted to the amount claimed.

This exception presents, for the consideration of the court, the question, whether the heirs of the wife have a right, at once to demand her paraphernal property, without waiting for a settlement and liquidation of the community of acquests and gains. The argument in support of the negative of that proposition, goes to assume as a principle, that money received by the husband during the marriage, on account of his wife, is mixed and blended with the property composing the community, and forms a charge upon it, rather than a debt due by the husband. And yet it is admitted, that the wife, on renouncing the community, has a right to claim her paraphernal property. The 2380th article of the Louisiana Code, declares that "the wife who renounces, loses every sort of right, to the effects of the partnership or community of gains. But she takes back all her effects, whether dotal, extra dotal, hereditary or proper." The counsel for the appellant infers from this article, that it is only on her renunciation, that she has a right to take back her paraphernal estate. This reasoning is not satisfactory to this court. Such a principle would be inconsistent with certain well settled doctrines of our law; 1st, That the wife herself, even during the existence of the community, has a right to resume the administration of her paraphernal property ; and 2d, That constituting her separate estate, her heirs are seized of it, at the moment of her decease. If instead of money, the husband had received property, still existing in nature, the heirs would undoubtedly have been entitled at once, to the possession of it. Indeed the converse of the proposition, contained in the article of the Code above cited, cannot be correct; to wit: that if the wife does not renounce, she shall not take back her separate estate, because the only consequence of accepting the community, is to render her liable for one-half of the debts.

The heirs of the deceased wife, who dies without leaving descendants, have a right at once to demand her paraphernal property, without waiting for a settlement and liquidation of the community of acquests and gains with the surviving husband.

The wife during the existence of the community, has a right to resume the administration of her paraphernal property.

When the wife dies, her heirs are seized of all the effects constituting her separate estate, from the moment of her decease.

WESTERN DIST.
September, 1834.

ROBIN ET ALS.
vs.
CASTILLE.

Money received by the husband during marriage on account of his wife, does not fall into the community, but remains her separate property.

The authorities cited from French commentators, refer to a system different from that established by the Louisiana Code. It is believed, that under the Code Napoleon, a sum of money received by the husband on account of his wife, during marriage, belongs to the matrimonial community, and consequently is affected to all the charges upon it, and could only be accounted for to the heirs on a final liquidation and settlement of the community. By our Code, it is different; money so received, does not fall into the community.

But it is contended, that the heirs of the wife in this case, are bound to pay one-half of the community debts, out of her separate estate, and that consequently, they ought not to be permitted to withdraw this fund from the hands of the surviving husband, until the debts shall have been paid. Whether the heirs be bound to pay the debts, is in our opinion, a question between them and the creditors. The husband is, at all events, liable for the whole, and a partition of the community cannot be made, without provision for them; but it does not, in our opinion, follow that the husband is authorised, after the dissolution of the marriage, to retain the paraphernal property of his deceased wife.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.