## No. 13,450.

### W. S. BENEDICT ET AL. VS. JOHN HOLMES.

#### SYLLABUS.

The fee of the attorney of the wife who has successfully prosecuted to judgment a suit for separation from bed and board, and separation of property against her husband, is a just and valid charge against the community, and may be recovered on a *quantum meruit*.

IN RE W. S. Benedict *et al.* Applying for *Certiorari,* or Writ of Review, to the Court of Appeals, Parish of Orleans, State of Louisiana.

---

*Robert G. Dugue* for Petitioners.

---

*Parkerson & Tobin* for Respondent.

---

On the application for rehearing by BLANCHARD, J.

The opinion of the court was delivered by

WATKINS, J. The object of the suit in the respondent court was a recovery by the plaintiffs of the sum of two thousand dollars from the defendant, as the amount of their attorneys fees incurred by his wife in a suit for separation from bed and board and of property against him, and wherein she obtained a final judgment of this court on both of her demands; but the result of that suit was adverse to their claims and pretentions, the same having been disallowed by the respondent court on the ground that the wife had not the power, or legal right, to charge the

legal community between her and her husband with the fees of counsel rendered in her behalf, and against his will as head and master of the community, but she is bound separately therefor.'

It appears that in 1896, Mrs. Avaline Ober Holmes, wife, filed suit against her husband, John Holmes, for a separation from bed and board, and demanded a dissolution of the community.

The defendant answered, denying the plaintiff's allegations and demanded that her suit be dismissed; and by way of reconvention, he demanded a separation from bed and board from his wife and a liquidation and settlement of the community.

On the trial in the District Court, the demands of the plaintiff were rejected and those of the defendant sustained; but on the plaintiff's appeal her demands were sustained and those of defendant rejected at his cost.

After that decree became final, John Holmes and his wife made a compromise and extra-judicial liquidation and settlement of the judgment and of the community, by his making a payment to her of the sum of $6000.00, in consideration of which she waived, renounced and abandoned all of her interest in the community and in said judgment; and she subsequently removed from the State without the knowledge of the relators, and without making any payment for their services.

Thereupon the plaintiffs instituted their suit against the defendant, John Holmes, husband, as head and master of the community, for the professional services they had rendered his wife; and on the trial in the District Court their demands were rejected and the respondent court affirmed its judgment.

The question for us to determine is whether the judgment thus rendered is in violation of law, and the settled jurisprudence of this court; or, in other words, is the fee of the wife's counsel in a suit *successfully* prosecuted against her husband for a separation from bed and board and the liquidation of the community, a legal charge against the community.

The respondent court relied, exclusively, upon Tucker vs. Carlin, 14 Ann. 744, as its authority for the rejection of the plaintiff's demands.

In that case, the plaintiff brought suit against husband and wife, jointly, for the recovery of his fee as attorney for the wife in her suit against the husband for a divorce, and in the District Court he obtained judgment against both; but on the husband's appeal that judgment was reversed.

The contention of the appellant was "that as the services were rendered to the wife alone, they ought to be paid for out of her separate estate, and not out of the community," whilst the appellee "contended that the debt was contracted during the existence of the community, and is a debt of the community."

The court held (1) that inasmuch as the law has given the husband, as head and master of the community, "absolute control over the debts and contracts of the community, and no one can pretend to a debt against the community * * * in virtue of contract, without his consent," the wife was without power to enter into a contract with the attorney for compensation for his professional services, and bind the community therefor; (2) that the plaintiff, as attorney of the wife, could not claim under a *quasi*-contract, on the ground that she had, in instituting a divorce suit against her husband, so managed the business of the community as a *negotiorum gestor* as it had been benefited thereby, "because she acted directly against his will and intended to injure and destroy the community."

But in the original case of Trowbridge vs. Carlin, 12 Ann. 882, the court found both parties in fault, and rejected the respective demands of both parties for a divorce.

Under such a state of facts, it may well be that the wife did not bind the community by her contract with her attorney; and that she could not make claim against the community for his services on the score that it had been benefited thereby—her suit having failed of its purpose, and the community having remained intact; and the engagement having been made against the husband's will.

But relators' counsel contend that no such state of facts exists in the instant case, but an altogether different one. That the wife brought suit for a separation, and her husband resisted her demand and claimed a judgment of separation against her.

That the district judge rejected her demand and sustained his; but on the wife's appeal the terms of the decree were reversed, and judgment was pronounced in favor of the wife and against the husband, decreeing a separation and a dissolution of the community.

That the community having been judicially terminated through the instrumentality of her suit, the fees of her counsel are a legitimate charge against the community and must be liquidated by the husband out of its assets.

That proposition is strengthened by the fact that both the husband and wife made reciprocal demands for a separation, and dissolution of

the community; and each, in turn, had obtained a judgment to that effect in his and her favor, respectively.

Both the husband and wife are conclusively bound by their judicial admissions, to the effect that a separation and dissolution of community were both desirable and necessary.

Had the wife withdrawn her demand after that of the husband had been filed, or had she prosecuted no appeal, there would have still existed a valid judgment of separation and dissolution of community at the husband's request against the wife under an authorization of the court.

Such being the case, it cannot be reasonably contended that the expense of the proceedings should be borne by the wife out of her separate estate.

It is quite true that the wife is without power to contract debts that will bind the community *during its existence;* and it is for that cause she does not become personally bound for community debts which have been contracted by the husband—she being permitted to make a renunciation after the dissolution of the community.

Hence, the court held in *Tucker vs. Carlin,* that the husband was not bound either contractually or *quasi*-contractually, for the payment of the wife's attorney's fees in a divorce suit she had unsuccessfully prosecuted against him—the community not having been dissolved.

The wife has a recognized legal right to institute against her husband a suit for divorce or separation of property upon grounds that are specified in the law; but if she cannot charge her attorney's fees and cost against the assets of the community in the event she obtains a decree of separation and dissolution, the right is practically a barren one, if she possesses no separate property.

If the husband's course of conduct be such as to justify the dissolution of the marriage and the dissolution of the community, on the petition of the wife, it would seem that, in such case, the cost and attorney's fees incident thereto, ought to go against the community assets in the course of its liquidation, or against the husband personally if he takes the same to himself.

In the instant case, the husband paid his wife, subsequent to the rendition of judgment, $6,000.00 in compromise and full satisfaction of her community half interest; but the proof shows that her interest was really much larger than the sum she received.

But in any event, no extra-judicial settlement could conclude or bar

the rights of community creditors, especially when, as in this case, the husband must have known of the services of his wife's attorneys.

In *Tucker vs. Carlin, supra,* the court gave the following illustration of the view they entertained, thus:

"Again: the fees of the attorney may be assimilated to the costs in this class of cases, which, where the wife fails in her action, are generally decreed against her and not against the community.

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

"If she can be made responsible for the costs, in like manner she may be responsible for the services of her attorney rendered without contract. For the one is a debt contracted during the existence of the community as well as the other."

Accepting the theory of the court in that case, in which the wife was unsuccessful, and for that reason she could not charge the fees of her attorney against the community for the reason that she could not tax it with the costs of court, and the necessary legal consequence would appear to be that, in case she is successful she can charge the community with her attorney's fees as she can tax it with costs.

Hence, the argument that was employed by the court in support of its rejection of the plaintiff's demand in that case, comes to the support of the plaintiff's demand in the instant case.

A similar view was entertained by this court in Suberville vs. Adams, 47 Ann. 70, from which the following is extracted, viz:

"In reversing the judgment in defendant's favor on her reconventional demand, our judgment taxed her with the costs of appeal, as a matter of course, just as a similar decree would have taxed any other litigant against whom a judgment was amended or reversed. &ast; &ast; &ast; It is quite plain that the *indebtedness* represented by the costs of suit is that of the matrimonial community existing between the plaintiff and the defendant and cannot be adjusted between them until it is finally liquidated and settled."

And the parallel instituted by the court in Tucker vs. Carlin is further exemplified in Delpit vs. Young, 52 Ann. 1071, in which our opinion makes this observation, viz:

"The judgment in the original case was against the plaintiffs, rejecting the husband's demands, for the nullity of the marriage. It, therefore, continues to exist, and during the existence of the marriage, the wife has no right of action against the husband to recover a debt.

"Presumably, a community of acquets and gains exists between

them. That is the necessary result of the marriage—unless a contrary stipulation had been made by a marriage contract. In this situation of affairs, the defendant has no claim that she can assert in a court of justice against her husband as plaintiff in the suit for the fees incurred in the employment of counsel in her defence."

Notwithstanding the husband had failed in his suit to annul the marriage, against the consent of his wife, yet the court held that the *wife* had no claim for the recovery of her attorney's fees, because the community had not been dissolved, and she could not appear in court against it.

We considered the fact of the *continued existence* of the community as conclusive against the assertion of the wife's right in her own name; but we did not hold, or intend to decide, that the wife's attorneys did not have a right of action against the husband as head and master of the community upon a *quantum meruit,* if not on a contract.

In Breaux, Fenner and Hall vs. Francke, 30 Ann. 336, our predecessors held that the fee due the plaintiffs as lawyers for having successfully defended a wife in a suit prosecuted by her husband for her interdiction was a valid debt of the community.

The court, in the course of their opinion, said:

"It may be said that, without the husband's consent, no debt can be contracted against the community, and that inasmuch as plaintiffs have acted, not only without his consent, but in direct opposition to the husband himself, to his wishes and demands, the community cannot be held liable for the fee. This is the general rule; but in the interdiction suit, the husband's action rendered indispensable the services of counsel, and if the wife had not selected those by whom she was represented, it would have been the duty of the judge to have named for that purpose," etc.

Thereupon the court gave judgment for the attorneys' fees of the wife, *in favor of her attorneys,* upon a *quantum meruit,* notwithstanding the community was not dissolved.

In the Interdiction of Leech, 45 Ann. 194, the principle announced in the Breaux case was approved and applied to a case similar to the instant one as follows, viz:

"In the case of Breaux, Fenner and Hall vs. Francke, 30 Ann. 336, this court held that the fees due the lawyers for *successfully defending* a wife in a suit for her interdiction brought by her husband, is due by the community.

"For similar reason the community, primarily, is responsible for the

fees of an attorney who prosecutes a suit and obtains a judgment of interdiction."

The authority of that decision was re-announced and affirmed very recently, in Succession of Bothick, 52 Ann. 1863, in which the Chief Justice, speaking for the court, approvingly said:

"Counsel announces, as an invariable rule, that the costs of the proceedings taken for the interdiction during marriage of a husband, which terminate in a judgment for the plaintiff, is a debt due by the separate estate of the husband, and he cites Article 387 of the Civil Code in support of that position; but this court held otherwise in Interdiction of Leech, 45 Ann. 197.

"The rule, subject to special exceptions and modifications is, that these costs are a community debt. They accrue during the marriage, and fall under letter of Article 2403 of the Civil Code. The husband being head and master of the community, it is specially to the interest of the community that a personal administration which might ruin it, should be brought to an end. The law-maker, in enacting Art. 397, C. C., were evidently providing for cases of interdiction generally, and were not considering the question as between the separate estates of the husband and the community. Exceptional cases have frequently to be read out of and excluded from broadly written law, because if so enacted by the legislators, it was, as Marcade says, 'evidemment parceque ils se sont preoccupes des cas les plus ordinaires.'"

In our opinion, the fees of the attorney of the wife who has successfully prosecuted against her husband a suit for separation from bed and board, and a separation of property, has a right of action against the latter as head and master of the community for the payment of his fee, as it constitutes a charge against the community, and is payable from its assets.

On the foregoing authorities, we have reached the conclusion that the relators have made their claim clear, and that the judgment of the respondent court is erroneous.

But, we think the amount demanded is excessive and should be reduced to the sum of one thousand dollars, and that only half of that sum be taxed against the husband, and payable by him. See R. C. C. 1371; 2409.

It is, therefore, ordered and decreed that the judgment rendered against relators be annulled and reversed, and also the judgment of the District Court which it affirms; and it is further ordered and decreed

Benedict .et al. vs. Holmes.

that the relators, as plaintiffs, do have and recover of and from the defendant, John Holmes, the sum of five hundred dollars ($500.00), with legal interest from judicial demand and all costs.

## ON APPLICATION FOR REHEARING.

BLANCHARD, J. Defendant files an application for rehearing and in an earnest argument, submitted by brief, his counsel combats the view entertained by the court, which resulted in holding that where, as in this case, a wife successfully prosecutes against her husband a suit for separation from bed and board and of property (in which suit he, by reconventional demand, prayed similar judgment against her), the fees of her counsel are a charge against the community.

We have given the case careful reconsideration without being able to arrive at a conclusion different from that announced, and, accordingly, the application for rehearing is refused.

Plaintiffs, on the same day, filed a petition for amendment of the judgment heretofore handed down.

They do not complain of the amount of one thousand dollars as a proper compensation to them for their services as the wife's attorneys in the suit instituted for separation, but do complain of the opinion and decree in so far as the same held that only one-half of amount of the fee is recoverable as against the defendant.

Their position is that the court having decided the debt was a claim against the community, it stands on the same footing as any other debt of the community, and the husband, who was its head and master, is bound for the whole, regardless of any settlement he may have made with his wife, subject only to *his* recourse against her, if he have any, for the recovery of one-half.

They further contend that it is evident from a reading of the act of settlement and compromise between this husband and wife, found in the record, that he intended to give, and Mrs. Holmes to receive, the six thousand dollars (mentioned in that act) *net* for her share of the community.

It is now considered that the first of these contentions is sound in law and that the second is supported, at least, by the strongest probability. But the first suffices.

The former decree of the court should be amended so as to charge the defendant with the payment of the whole of the one thousand dollars.

It is, accordingly, ordered and decreed that plaintiffs do have and

recover of the defendant the sum of one thousand dollars, with legal interest from judicial demand, and all costs—with reservation to him of recourse, if any he have, against Mrs. Avaline O. Holmes for recovery of the one-half part thereof.

BREAUX, J., dissents in this case, for reasons assigned in a separate opinion.