(Court of Appeal, Parish of Orleans.)

ADAM R. KAMPEN, ET AL, VS. RUDOLPH HELWICK.

Appeal from Civil District Court, Division "E".

A. E. Billings, for Plaintiff and Appellee.

C. C. Fredrichs and F. McGloin, for Defendant and Appellant.

1. Money received by the husband during marriage, on account of his wife does not fall into the community, but remains her separate property.

2. The heirs of the deceased wife, who dies without leaving descendants, have a right at once to demand her paraphernal property, without waiting for a settlement and liquidation of the community of acquets and gains with the surviving husband.

DUFOUR, J. The plaintiffs, heirs of defendant's deceased wife, sue him for the return of the sum of $175.00; separate property alleged to have been entrusted by her to him.

Defendant denies that such a deposit was made and avers that his wife entrusted $56.00 only to him to pay certain bills, and that he paid them. He also claims in reconvention certain community debts and certain amounts paid by him for the benefit of the wife's estate.

The testimony of Kampen, taken in connection with a receipt signed by the defendant and a letter written by him, leaves no doubt in our minds that Helwick received $125.00 from his wife and has not accounted for them. We are also satisfied that he did not administer his wife's separate estate.

The plaintiffs are therefore entitled as heirs, without waiting for a settlement of the community, to recover said amount, less the expenditure made by defendant for his wife's estate, which, we think are proved to the amount of $17.50. 7 La. 295; 1 R. 383.

The expenses of the last illness are community debts, as are also the fees of a lawyer in a suit for a separation under the circumstances here disclosed. 2 An. 576; 16 |A. 103; 104 La. 528.

We find nothing in the record to warrant defendant's contention that plaintiff's have accepted the community, although the plaintiffs did not object to evidence when first offered, on the ground that the reconventional demand was not connected with the main demand, yet, they objected to the first offer to prove a community debt on the ground that they were not bound therefore. In this situation they are bound for the money paid by defendant for the wife's separate estate, but cannot be considered as having expressly or by implication accepted the community.

Judgment amended by increasing the allowance to plaintiff on the main demand to the sum of $125.00, and by allowing defendant on his reconventional demand the sum of $17.50 and rejecting his other claims, defendant to pay costs of both Courts, and, as amended, the judgment is affirmed.