---o---

## No. 6150.

## WOODVILLE & WOODVILLE vs. D. A. HEGARTY.

### Syllabus.

In fixing the value of an attorney's services, those rendered out of Court are to be taken into consideration quite as much as those rendered in open Court.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 102,742. Hon. F. D. King, Judge.

Dinkelspiel, Hart & Davey, for plaintiff and appellee.

Dart, Kernan & Dart, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Defendant married outside of the State and afterwards removed here with his wife. When they had resided here about a year the wife sought and obtained a judgment of separation from bed and board. Plaintiffs, who represented her as counsel in that suit, now sue defendant for their fee.

By the terms of Art. C. C. 2401, a community or partnership of acquets and gains arose between the parties from the time they came into the State to live; in other words, those were the property relations between the parties, established by law in default of agreement regulating their conjugal relations in that respect. (C. C., 2325).

And by the terms of Arts. C. C., 155 and 123 the separation from bed and board carried with it a dissolution of those relations.

Now as we read the case of **Benedict v. Holmes, 104 La., 528,** especially on rehearing, the fee of an attorney who successfully conducts on behalf of the wife a suit for separation from bed and board and dissolution of the community, constitute an obligation of the community and as such are chargeable against the husband **like any other debt of the community.**

Defendant is therefore liable for plaintiff's fee.

As to the amount of this fee, a jury allowed $366.45, which added to $162.90 already received from the wife makes a total fee of $529.35 for plaintiff's services.

We do not think the allowance excessive.

On the face of the papers there was a mere judgment by default, without a settlement of the community. In point of fact it was an amicable adjustment of the marital relations between the parties, which one of them had determined to bring to an end.

Numerous conferences were had between counsel, chiefly at the instance of defendant, and attempts made to effect a reconciliation between the parties, or if that failed, then to reach an adjustment of their difference with the least possible friction.

As every lawyer knows, proceedings had in Court represent but a small fraction of the time and labor involved in handling such matters, and services of this kind are to be taken into consideration in fixing an attorney's fees, quite as much as mere routine services rendered in open Court.

Judgment affirmed.

Opinion and decree, June 26th, 1914.

Rehearing refused, July 17th, 1914.

Writ denied, October 9th, 1914.