Plaintiff, an attorney, prosecutes this appeal from a judgment of the First City Court of New Orleans maintaining defendant's exceptions of want of jurisdiction ratione materiae, nonjoinder of parties defendant, and no cause of action, and dismissing plaintiff's suit, in which he sued defendant for $200 on a quantum meruit for professional services rendered defendant's wife in representing her in a suit in which she successfully obtained a judgment of divorce from defendant.
The proceedings from which the judgment of divorce emanated were commenced by the husband, who sought a divorce on the ground that he and his wife had been separated for more than two years. The wife employed plaintiff, who filed her answer to the suit and by way of reconvention claimed, on behalf of the wife, that she, and not the husband, was entitled to the decree of divorce. The demand of the husband was rejected and a judgment of divorce was rendered in favor of the wife. There was no property belonging to the community of acquets and gains which existed between the parties.
The exceptions are based on the respective theories: (1) that the claim is incidental to the divorce suit and should have been asserted therein; (2) that the judgment of divorce dissolved the community between the parties, and that as the debt is one for which the community is liable, then the wife owes one-half the amount and is a necessary party defendant; and (3) that the wife's failure to claim in the divorce proceedings the amount due her attorney for his services constituted a waiver of such claim, and alternatively that if there be liability in the husband, he is not liable for more than one-half of the amount of the attorney's charges.
We perceive no merit in any of the exceptions, and the lower court clearly erred in maintaining them and dismissing plaintiff's suit. The contentions advanced by defendant are fully answered by the now well established jurisprudence.
In a suit in which a woman obtains a judgment of divorce or of separation from bed and board, her attorney's fee is a community debt and is, therefore, chargeable, on a quantum meruit basis, to the husband. Goodwin v. Goodwin, 207 La. 690,21 So.2d 875; Martin v. Martin, 191 La. 761, 186 So. 94; New v. New, 186 La. 1017, 173 So. 748; Shipp v. Shipp, 183 La. 1025,165 So. 189; Balfe v. Balfe, 165 La. 283, 115 So. 489; Lester v. Lester, 160 La. 708, 107 So. 499; Gosserand v. Monteleone,159 La. 316, 105 So. 356, 42 A.L.R. 310; Benedict v. Holmes,104 La. 528, 29 So. 256. *Page 884 
Where the wife seeks recovery of her attorney's fees, she must demand same in the separation or divorce proceedings, and if she does not assert her claim in the proceedings in which the fee is incurred, she is deemed to have waived it. In August v. Blache, 200 La. 1029, 9 So.2d 402, 406, the Supreme Court said: "* * * our opinion is that any claim that Mrs. Blache may have had against Mr. Blache for the * * * recovery of the fees incurred in the suit for a separation from bed and board, must be considered as having been abandoned by the failure of Mrs. Blache to claim reimbursement for such fees in the proceedings in which the fees were incurred."
But, when the wife's attorney demands payment from the husband of the amount due him for his professional services, he cannot assert the claim in the divorce or separation suit, for the obvious and simple reason that he is not a party to that suit. The Court, when concerned with this proposition in the case of Jones v. Jones, 200 La. 911, 9 So.2d 227, 228, said: "* * * However, the judgment should be amended to allow the defendant the attorney's fees instead of ordering them to be paid to the attorney. The attorney is not a party to the suit, and that part of the judgment ordering the fees to be paid to the attorney is erroneous."
Perhaps the wife of the defendant in the case before us might have successfully asserted a claim in the divorce suit for the fee which her attorney now seeks to recover from her husband, but her failure to make the claim in the divorce proceedings in no wise poses a barrier to the attorney's right to sue the husband in another action for the amount due him.
In Gosserand v. Monteleone, supra, the Court said [159 La. 316, 105 So. 358]:
"The law lays down certain specific causes for which a separation from bed and board or a divorce may be granted by the court, and the law also recognizes the right of a wife to institute and prosecute a suit for that purpose against her husband.
"This right carries with it the right to employ counsel to institute and prosecute such a suit. No good and valid reason is suggested or can be suggested why the attorney thus employed may not recover for his services against the husband as head and master of the community.
"If the attorneys in such a case are not entitled to recover against the husband or the community, then the law giving the right to the wife to sue for a separation or divorce and to employ counsel for that purpose, as said by the court in the Purser Magruder Case, is a dead letter, or is a barren one, as was said in the Benedict Case. The wife would find herself vested with a legal right but without practically any remedy or the authority to vindicate such right."
In Benedict et al., v. Holmes, supra [104 La. 528, 29 So. 257], the wife was successful in a suit against her husband for a separation from bed and board and separation of property. The wife's attorneys, after the parties had made an extra-judicial settlement of the judgment and community property, filed suit against the husband alone for the amount of their fee, and the question for determination, as stated by the Court, was: "Is the fee of the wife's counsel in a suit successfully prosecuted against her husband * * * a legal charge against the community."
In resolving the question, the Court commented as follows:
"The wife has a recognized legal right to institute against her husband a suit for divorce or separation of property upon grounds that are specified in the law; but, if she cannot charge her attorney's fees and cost against the assets of the community in the event she obtains a decree of separation and dissolution, the right is practically a barren one, if she possesses no separate property.
"If the husband's course of conduct be such as to justify the dissolution of the marriage and the dissolution of the community on the petition of the wife, it would seem that in such case the cost and attorney's fees incident thereto ought to go against the community assets in the course of its liquidation, or against the husband personally if he takes the same to himself. * * * *Page 885 
"In our opinion, the fees of the attorney of the wife who has successfully prosecuted against her husband a suit for separation from bed and board and a separation of property, has a right of action against the latter, as head and master of the community, for the payment of his fee, as it constitutes a charge against the community, and is payable from its assets. * * *"
However, the Court found that the amount claimed was excessive and reduced it to $1,000, but taxed only half of that sum against the husband, citing R.C.C. 1371 and 2409. Plaintiffs filed a petition for an amendment of the judgment, contending that it should have been against the husband and for the full amount and not for one-half, their position being that: "* * * the court having decided the debt was a claim against the community, it stands on the same footing as any other debt of the community, and the husband, who was its head and master, is bound for the whole, regardless of any settlement he may have made with his wife, subject only to his recourse against her, if he have any, for the recovery of one-half."
And further that: "* * * it is evident from a reading of the act of settlement and compromise between this husband and wife, found in the record, that he intended to give, and Mrs. Holmes to receive, the six thousand dollars (mentioned in that act) not for her share of the community."
The Court said, on rehearing:
"It is now considered that the first of these contentions is sound in law and that the second is supported, at least, by the strongest probability. But the first suffices.
The former decree of the court should be amended so as to charge the defendant with the payment of the whole of the one thousand dollars."
Unquestionably, then, the wife's counsel has the right to pursue the husband, as head and master of the community, for the amount due for services rendered to the wife who is successful in her suit, and as the claim is against the community of acquets and gains, the husband is bound for it as for any other community liability. The wife is not a necessary party to such suit.
It is ordered, adjudged, and decreed that the judgment appealed from be reversed, and defendant's exceptions to plaintiff's suit are overruled, and the matter is remanded to the lower court for further proceedings according to law; defendant-appellee is to pay the costs of this appeal, while all other costs are to await the final determination of the matter.
Reversed and remanded.