KENNON, Judge.
In December, 1949, plaintiff filed this suit seeking judgment, in solido, in the amount of $212.82 against David Keller and.Mildred Vance Keller, his former wife. A final judgment of divorce was granted on December 23, 1949. David Keller died soon after suit was filed, and plaintiff did not make his heirs a party to the suit.
Mildred Vance Keller in answer denied that any indebtedness was due to plaintiff by David Keller and further set forth that she and David Keller were separated on May 31, 1949 and finally divorced on November 23, 1949.
At the trial it was shown that plaintiff did advance certain groceries and money to defendant, David Keller, while the community existed between him -and Mildred Vance Keller. Judgment was rendered in favor of plaintiff and against Mildred Vance Keller for one-half of this amount. Plaintiff perfected an appeal to this Court. Mildred Vance Keller -answered the appeal, praying that the demands of the plaintiff be rejected in toto, and, in the alternative, that the judgment of the lower court, limit- *69 judgment ' to ' one-half the ing ' plaintiff’s community debt, be affirmed.
The record sustains the finding of the Judge’of the City Court that the community was indebted to plaintiff for double the amount of the judgment rendered against Mildred Vance Keller.
There was in the record a judgment of divorce decreeing a dissolution of the comr munity and declaring David and Mildred Vance Keller tobe owners,in equal portions of the community property, particularly a house and lot at Municipal No. 3889 Flora Avenue in the City of Shreveport, Louisiana. Five days after the judgment of divorce, David Keller, by notarial act, deeded his one-half interest in this community real estate to his former wife, the consideration being $100 in cash and the assumption of certain listed community debts amounting to approximately $1900. The, debt sued on by plaintiff was not listed.
Plaintiff’s contention is that Mildred Vance Keller, by virtue of her purchase of her former husband’s one-half interest in the community real estate and assuming certain debts, thereby became liable for all the community debts. As a further basis of passing liability upon Mildred Vance Keller for his full debt, plaintiff introduced evidence that Mildred Keller paid $10 to one Doyle Harris to redeem a fur coat which had been pawned to Harris by David Keller, but which belonged to Mildred.
Article 2409 of the Civil Code provides that, upon dissolution of the marriage, the husband and wife “are to be equally liable for their share of the debts contracted during the marriage, and not acquitted at the time of its dissolution.” It follows that the liability of Mildred Keller was limited to one-half the community debt, unless plaintiff proved his allegation that she assumed her husband’s share.
The assumption by Keller’s former wife of his half of certain listed debts did not operate as an assumption of his half of any debt not listed as assumed. Nor did her payment of the $10 in order to redeem her coat (pledged by David Keller) constitute an assumption of 'her husband’s portion of the debt due plaintiff by the community. There was ho other proof that any of the amounts claimed by plaintiff were for the separate account of Mildred Keller or that she voluntarily assumed the payment of her ■ former husband’s half of the debt due plaintiff. The Judge of the City Court therefore correctly held, under Article 2409 of the Civil Code, that Mildred Keller’s liability was limited to one:half of the amount shown to be due plaintiff by the dissolved community.
Counsel has cited the case of Lawson’s Heirs v. Lawson’s Ex’rs, 12 La.Ann. 603. We agree that this case is authority for the proposition that in the settlement of a succession community debts should be paid out of community property." The Lawson case does not hold that the purchase by a wife — after the divorce was final and the community dissolved by decree of court —of her husband’s half interest in "a piece of community property, per se, makes her responsible for her husband’s share of the dissolved community’s debts.
The judgment is affirmed, with costs.