BOLIN, Judge.
We issued certiorari and alternative writs of prohibition and mandamus on application of Jack L. Henry in order that we might determine the correctness vel non of the lower court’s action in refusing to grant an injunction against the seizure and sale of property, under executory process, which was to be sold in satisfaction of a debt allegedly due plaintiff, Mrs. Hilgenfeld.
A summary of facts preceding this action is necessary to a clearer understanding of the present proceeding. In October 1951 and June 1955, Clarence Hilgenfeld and Eunice S. Hilgenfeld, then husband and wife, executed as co-makers two mortgages to secure a note in the amount of $7700 payable to the Farmers Home Administration. Both mortgages and the note were in authentic form, contained the usual acceleration clauses and confessions of judgment in favor of the Government or any future holder of the note.
Mr. and Mrs. Hilgenfeld were judicially separated on June 23, 1959, and a judgment of divorce was rendered on October 20, 1960. Subsequent to the separation but prior to the divorce the Hilgenfelds partitioned the community property, encumbered by the mortgages, and as a result of the partition Mrs. Hilgenfeld became the owner of a portion of the Southwest Quarter of the Northeast Quarter of Section Two, Township 18 North, Range 15 West in Caddo Parish, Louisiana. Mr. Hilgenfeld was awarded the remainder of the property located in the same quarter section. No mention was made in the partition of the debt due the Farmers Home Administration.
Shortly after the partition defendant Hil-genfeld sold two parts of the land acquired by him to W. D. and J. F. Snelling which tracts were released from the mortgage on June 13, 1960. On August 28, 1959, Hil-genfeld also borrowed $4000 from Jack L. Henry and gave as security a mortgage on the remaining portion of his property. Default on the note led to foreclosure by Henry who bought the property in at the sheriff’s sale. Two other tracts were then released from the original mortgage as a result of a condemnation judgment against Henry on June 29, 1962. The remaining *238 two tracts of land under the mortgage, of June 20, 1955, are owned by Eunice S. Hilgenfeld and Jack L. Henry, respectively.
Plaintiff alleged she is the owner and holder of the original note and mortgages by reason of a notarial assignment from the United States in favor of her father, Albert F. Soap, and the subsequent assignment dated March 30, 1965, also in notarial form, from her father to herself. Consideration for the assignment was $1722.04 being the balance due on the note. She further alleged she made all payments on the note to the Farmers Home Administration subsequent to the separation in 1959, and is legally subrogated to the rights of the mortgagee and is therefore entitled to bring this execu-tory proceeding against the property of Jack L. Henry. Two acts of breach by Henry are alleged: first, that Henry had leased the property covered by the original mortgage and has failed to provide for payment of said rentals to the mortgagee; second, that Plenry, through his agents and lessees, committed waste of the property by cutting and removing 37 cords of timber from the property on or about March 1965, in contravention of the mortgage provisions.
Henry, as owner and third possessor of the property, sought a preliminary injunction to enjoin and prohibit Eunice Soap Hilgenfeld and the Sheriff of Caddo Parish from seizing and selling the property by executory process. Upon the rule to show cause a judgment was rendered dismissing and recalling the rule and fixing attorneys’ fees for Mrs. Hilgenfeld in the sum of $750 and for the curator for Clarence L. Hilgenfeld, Jr., in the sum of $50.
It is from the refusal to grant the injunction and the award of fees that Henry sought and was granted writs by this court. Relator based his action on the provisions of Article 2703, Louisiana Code of Civil Procedure, permitting a third possessor to intervene in the executory proceeding, and upon Article 2751 of the Louisiana Code of Civil Procedure which allows the arrest of the seizure and sale by injunction when the debt secured by the mortgage or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
Specifically Henry alleges as follows :
1. There is no liquidate debt or sum certain which is sought to be enforced by executory proceedings. The indebtedness has not been previously confessed, nor judicially determined and therefore is not liquidated.
2. Payment of the balance due on the note by Eunice Soap Hilgenfeld and the assignment to her, a solidary debtor with her former husband, Clarence L. Hilgenfeld, Jr., caused the debt to be extinguished by confusion with only the right to demand contribution from Clarence Hilgenfeld remaining.
3. Mrs. Hilgenfeld made payments on the note for years without asserting any demand against the third possessor and is estopped from now asserting said claim. (Additionally it is claimed there has been no default under the terms of the note and mortgage.)
4. That Mrs. Hilgenfeld, as a solidary obligor with her husband, is solely responsible for the payment of the note sued on.
In conclusion Mr. Henry asked for attorney’s fees in the amount of $1000 because of the alleged wrongful seizure of his property.
Prior to the hearing on the action for a preliminary injunction the parties stipulated the total payments made by plaintiff were $4560.23. This figure was arrived at by giving defendant credit for the payment of $2000, $750 of which was received from the sale to the Snellings and $1250 from the expropriation proceedings mentioned above. Assuming that each of the co-makers was *239 obligated to pay one-half of the indebtedness of $6560.23, it can be determined from the stipulations and by mathematical calculation that the amount, if any, due plaintiff is $1280.11, which amount is admitted, in brief by counsel for respondent, to be "correct.
We shall take up the contentions of the applicant in the order followed by respondent. We find that the breach of the condition of the mortgage prohibiting the cutting and removing of timber which had the effect of maturing the obligation, in the absence of rebuttal evidence, was sufficiently proved by the verified petition. Louisiana Code of Civil Procedure Article 2637 provides:
Evidence as to the proper party defendant, or as to the necessity for appointing an attorney at law to represent an unrepresented defendant, or of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation, need not be submitted in authentic form. These facts may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.”
‡ % sj: s{i ‡ #
It is contended by relator that the payment of the balance due on the note by Mrs. Hilgenfeld and the assignment to her, a solidary debtor, caused the debt to be extinguished by confusion. (Louisiana Civil Code Article 2217.) We find there was no confusion nor consequent extinguishment in this instance by reason of the provisions of the second paragraph of Louisiana Civil ■Code Article 2218 relating to the effects of confusion:
“That which takes place in the person of the creditor, avails his co-debtors in solido only for the portion in which he was debtor.” (Italics in original Code.)
We come now to what we consider the most important question presented by these proceedings: Is Mrs. Hilgenfeld, as co-debtor in solido, subrogated to the rights of the United States Farmers Home Administration to the extent that her co-debtor, Clarence L. Hilgenfeld, is indebted to her?
Subrogation is defined by Louisiana Civil Code Article 2159 as the right of a creditor which takes place in favor of a third person who pays him, and it may be either conventional or legal. It is said to be legal and to take place of right for the benefit of one who pays a debt who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it. (Louisiana Civil Code Article 2161.)
Admittedly the extent of the sub-rogation must be determined by the rights between the parties as solidary obligors. The first paragraph of Article 2103 of the Civil Code provides as follows:
“When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.”
* * * * * *
We conclude that the parties have admitted that $6560.23 has been paid on the note since the parties were separated in 1959. Of this amount it is stipulated Mrs. Hilgen-feld paid $4560.23 and the remaining $2000 was paid from proceeds of the sale for $750 to the Snellings and $1250 by reason of the expropriation proceeding. Of the total payment of $6560.23 we conclude each co-debtor was liable for his virile portion or $3280.11 each. Since $2000 has already been paid on behalf of defendant and his vendee, there remains due and owing Mrs. Hilgenfeld the sum of $1280.11. Under her right of legal subrogation, she acquired all the benefits of the first mortgage including the confession of judgment contained therein and the right to enforce same by executory proceedings.
*240 We do not find Mr. Henry is legally prejudiced by the subrogation and consequent executory proceedings. When Henry made the original $4000 loan to Clarence Hilgenfeld he took as security for his loan a second mortgage. Upon Hilgenfeld’s default Henry foreclosed on the property, purchasing it at a sheriff’s sale subject to the first mortgage. Henry at all times knew that any security interest or ownership he had in the property was subject to the first mortgage. There is no contention that Henry ever paid anything on the mortgage other than the amount set forth above in the expropriation proceeding. Mrs. Hilgenfeld is not asserting that Henry is personally liable for any sum of money. For this, and the reasons previously expressed, we find no merit in Henry’s claim that Mrs. Hilgenfeld is estopped from now asserting her demand.
The lower court, when denying the relief sought by relator, awarded an attorney’s fee of $750 in favor of respondent. Relator complains there is neither statutory nor contractual basis for the award of an attorney’s fee in defending a petition for preliminary injunction. We have been cited to no authority by respondent and our independent research has not revealed any law or jurisprudence to support this award. Consequently, we conclude such an award was erroneous.
Mr. Henry also complains of that portion of the judgment which fixed the fee of $50 for the curator ad hoc appointed to represent Mr. Hilgenfeld. As correctly pointed out by counsel for Henry, the curator ad hoc was appointed for the absentee in the executory proceeding and, as such, he was neither served with citation nor performed any services in the injunction proceeding. To require Mr. Henry ultimately to be cast with this cost would be unjust and without legal foundation. Since the trial judge has the duty of fixing the fee of the curator in the executory action, we interpret this portion of the judgment to refer to the curator’s fee for services rendered in that proceeding. In order to avoid any misunderstanding, it is the order of this court that the fee of the curator ad hoc be fixed at the sum of $50 and that same be taxed as part of the cost of the executory proceeding.
For the reasons assigned the judgment" of the lower court is amended to the extent of disallowing the attorney’s fee awarded in favor of respondent and by allowing the sum of $50 to the curator for representation of the absent defendant in the original executory proceeding. It is further ordered that the alternative writs of prohibition and mandamus be and they are hereby recalled and this case is remanded to the Honorable First Judicial District Court of Caddo Parish, Louisiana, for further proceedings consistent with this opinion. The cost of this proceeding is taxed equally between relator and respondent.
Amended and remanded.