PONDER, Judge.
Defendant appealed the judgment holding her liable for one-half of a community debt paid by the plaintiff after dissolution of the community.
The issue is plaintiff’s right of reimbursement.
We affirm.
The parties stipulated as follows:
“1. Plaintiff, James J. Bailey, III, and defendant, Susan Gaushell Jones, were formerly married to one another. They were divorced pursuant to a judgment of divorce signed on November 9,1979. Pri- or to the signing of the judgment, the parties were separated from bed and *476 board pursuant to a judgment of separation also signed on November 9, 1979. The suit from which the judgment of separation arose was filed on January 9, 1979.
“2. Also on November 9, 1979, immediately after the signing of the judgment of separation, the parties executed a community property agreement, . . .
“3. In connection with the community property partition, each of the respective parties was to bring to the discussions and ultimate settlement all assets and liabilities of which each was aware.
“4. The issue before the court stems from a dispute, which materialized in approximately 1975, while plaintiff and defendant were married, with Juban Lumber Company, and which led to a suit entitled Juban Lumber Company, Inc. v. James J. Bailey, III, in which James J. Bailey, III appears as defendant and plaintiff-in-reconvention.
“5. Durret, Hardin, Hunter, Dameron and Fritchie through Emile C. Rolfes were retained by plaintiff in this matter.
“6. The dispute and eventual suit arose from repairs or improvements being made to the then family home of plaintiff and defendant, located on Ingleside Drive, Baton Rouge, Louisiana. The suit was filed while plaintiff and defendant were married, and the suit is still pending. Although defendant was aware, having become aware on or about 1975, of the suit against Juban Lumber, she was under the impression, having heard nothing concerning the matter in years, the entire matter had been concluded. Defendant took no active role in this suit.
“7. At the time of the community property settlement, plaintiff had forgotten about the existence of the Juban Lumber Company suit, and was not reminded of its existence until Durrett, Hardin, Hunter, Dameron and Fritchie submitted its bill on April 29, 1980. . .. At no time during the partition discussions and eventual agreement was the attorney’s fee, which is the basis of the suit at issue, discussed or even mentioned by James J. Bailey, III.
“8. The debt incurred is a community debt.
“9. Defendant did not become aware of the community debt until she was notified by her attorney, John Sinquefield, on or about May 9, 1980, that demand was being made upon her to pay one-half of this debt.
“10. James J. Bailey, III paid the entire Durrett, Hardin, Hunter, Dameron and Fritchie bill.”
The trial court determined that plaintiff and defendant were bound in solido[1] and allowed plaintiff to recover by way of sub-rogation under La.C.C. art. 2161(3).[2]
Defendant’s only defense against recovery is the community property settlement. Specifically, defendant asserts that she and plaintiff have contracted, by virtue of the community property agreement, the law between themselves. She asserts that any benefit from article 2161(3) has been waived and the article is inapplicable. She contends that plaintiff’s suit seeks “further accounting” contracted against in the settlement.[3]
*477 The community property agreement, however, does not contain a clause, standard in such documents, whereby one of the parties assumes additional or unknown debts of the community that may arise or be discovered after the execution of the settlement. Plaintiff did not contract to assume any or all outstanding and unknown debts of the community. This debt was simply overlooked. We find that the community property settlement does not bar plaintiff’s recovery.
Defendant also contends that the only proper way to allow possible recovery is to invalidate the community property settlement and require the parties to renegotiate. In view of the relatively minor amount involved, the application of C.C. art. 2409 and the equitable result achieved by that application, we find it unnecessary to order that radical solution.
The primary source of Louisiana’s community system is Spanish law. Under the Spanish system, the community was built upon a theory of complete equality of benefit and mutuality of obligations. Pugh, The Spanish Community of Gains in 1803; Sociedad de Gananciales, 30 La.L.Rev. 1 (1969); Comment, The Fictitious Community and the Right to Partition, 30 La.L.Rev. 603 (1970).[4]
When the early Spanish writers, such as Febrero, spoke of the payment of common debts, they were speaking in terms of accounting procedures to be used in the final determination of the spouses’ shares in the community. Pugh, supra, at 40; Comment, supra, at 608. See also 3 Plainol, Civil Law Treatise nos. 1238-1, 1238-2 (La. St.L.Inst. transí. 1959).
Although the husband and the community were the same in the eyes of third parties, since he contracted for the community and was responsible for the full amounts of the debts he incurred, the spouses shared equally between themselves. Upon dissolution of the community and its acceptance by the wife, each was ultimately responsible for one-half of the community debts, so that if the husband was forced to pay all, he was entitled to reimbursement of one-half from the wife. Comment, supra, at 607; Pugh, supra, at 41.
Louisiana Civil Code articles 2406 and 2409,[5] taken primarily from the writings of Febrero, provided for the division of community assets and liabilities upon dissolution of the regime. Art. 2409 gives a right of recovery to the husband if he pays the full amount of the indebtedness.
Plaintiff paid all of the community debt. He was responsible for the whole as head and master of the community, regardless of any settlement he may have made with his wife. Benedict v. Holmes, 104 La. 528, 29 So. 256 (1900). The wife, having accepted the community, is responsible for one-half of the debt under C.C. art. 2409. Alpha v. Aucoin, 167 So. 835 (Orl.La.App. 1936); Bardwell v. Keller, 49 So.2d 68 (La.App. 2nd Cir. 1950).
*478 When defendant accepted the community, she did so subject to one-half of the debts owed by the community. Plaintiff’s recourse is against the defendant for the recovery of one-half of the debt. Benedict v. Holmes, supra. See Arceneaux v. Blazek, 346 So.2d 288 (La.App. 4th Cir.1977).
For these reasons, the judgment of the trial court, holding the defendant liable for one-half of the community debt, is affirmed.
AFFIRMED.
SAVOIE, J., dissents and assigns reasons.
CRAIN, J., dissents for reasons assigned by SAVOIE, J.

. The trial court relied on Hilgenfeld v. Hilgenfeld, 180 So.2d 236 (La.App. 2nd Cir.1965), for the proposition that a community debt is a solidary obligation between husband and wife. However, in Hilgenfeld v. Hilgenfeld, supra, the wife signed a mortgage and note specifically contracting for solidary liability.

. La.C.C. art. 2161(3):
Subrogation takes place of right:
* * * * ⅜: *
3.For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.
sfc ⅜: # s}s # ⅜⅞

. Defendant relies on the following language in the community property settlement:
This agreement represents the entirety of the community property existing between Mrs. Bailey and Mr. Bailey. All other property is hereby declared to be the separate property of each. Each party further hereby relinquishes any claim he or she may have against the community on behalf of his or her separate estate or against each other’s separate estate on behalf of the community of acquets and gains herein divided.
*477 As a result of this community property settlement, each of the parties hereto discharge each other from any further accounting to each other of the community which formally existed between them.

. The translation of a part of the Fuero Real, promulgated in 1255, and a basic principal of Spanish law concerning debts of spouses, is: Every debt that husband and wife contracted in common, let them likewise pay it in common. Pugh, supra, at 17.

. La.C.C. art. 2406:
The effects which compose the partnership or community of gains, are divided into two equal portions between the husband and the wife, or between their heirs, at the dissolution of the marriage; and it is the same with respect to the profits arising from the effects which both husband and wife brought reciprocally in marriage, and which have been administered by the husband, or by husband and wife conjointly, although what has been thus brought in marriage, by either the husband or the wife, be more considerable than what has been brought by the other, or even although one of the two did not bring anything at all. (Repealed 1980)
La.C.C. art. 2409:
It is understood that, in the partition of the effects of the partnership or community of gains, both husband and wife are to be equally liable for their share of the debts contracted during the marriage, and not acquitted at the time of its dissolution. (Repealed 1980)