No. 3674.—MARY F. WEBB *v.* SQUIRE W. BELL.

If it be shown that the wife brought no dowery into the marriage, and that she has no actual claims against her husband, still she has the right to obtain a separation of property from her husband if she shows that he is in embarrassed circumstances, and that his condition is such that she might loose any property she might receive thereafter in her own right from legacies or otherwise if it was to fall into the community.

| 24 | 75 |
| 107 | 434 |

APPEAL from the Fifteenth Judicial District, parish of Assumption. *Beatie J. Nicholls & Folse*, for plaintiff and appellee. *Walter Guion*, for defendant and appellant.

TALIAFERRO, J.   This is a suit by the wife against her husband to obtain a separation of property and a dissolution of the community between them.

The petition is opposed by the husband on the ground that there is neither allegation or proof that the plaintiff had, at the time of the institution of this suit, a separate trade or industry of any kind from which she was deriving revenue or means inuring to her own benefit, and which were in danger on account of the embarrassed condition of the husband's affairs.   There was judgment in the court below in conformity with the prayer of the petition, and the defendant has appealed.

The questions raised by the pleadings in this case were considered in the case of Davock *v.* Darcy, 6 Rob. 342, and the conclusions arrived at were, that " it would be giving the article of the code too narrow a construction to limit the wife's right to a separation to the cases therein enumerated ; that although a woman has brought no dowry and has no actual claims against her husband, she is not absolutely precluded from the right of obtaining a separation of property ; that the object of a separation of property is twofold, it provides for the present by enabling the wife to recover her dowry or other claims

against her husband, and it provides for the future by putting an end to the community and thus securing to the wife her individual acquisitions or gains thereafter in whatever manner obtained."

The doctrine of this case has been reaffirmed by subsequent decisions. 6 An. 633; 7 An. 343; 10 An. 272; 11 An. 525.

It is proved in the case now before us that the wife has a small amount of paraphernal property shown to be worth nine hundred dollars; that the husband is in embarrassed circumstances, owning no property, and that there are judgments against him amounting to more than twenty thousand dollars. The purpose sought by separation of property and dissolution of community in this case seems to be to enable the wife, by the use of her own limited means and those she might obtain through her relatives, to earn for herself and child a support without having her earnings fall into the community.

We think the judgment of the lower court correct.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.