(79 South. 326)

No. 21188.

### GASTAUER v. GASTAUER.

(May 27, 1918.    Rehearing Denied June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. PRINCIPAL AND AGENT ⊂⊃148(2)—KNOWLEDGE OF AGENTS — IMPUTATION TO OTHER PARTY.

One who acquired note and mortgage on community property of husband and wife from his lawyers then acting as agents of the husband in selling the note, was not charged with knowledge of any want of authority of the lawyers to negotiate the note.

2. HUSBAND AND WIFE ⊂⊃267(1)—DISPOSITION OF PROPERTY—DISABILITY OF HUSBAND —DIVORCE SUIT.

With whatever motive a husband discontinued his divorce suit, the suit was discontinued, and the disability of the husband, under Rev. Civ. Code art. 150, to dispose of the immovables of the community, incident to the pendency of such suit, no longer existed.

3. HUSBAND AND WIFE ⊂⊃271—COMMUNITY PROPERTY—MONEY EARNED BY WIFE.

By Rev. Civ. Code, art. 2402, money earned by a wife before institution of her separation suit belonged to the community, and its payment for account of the community after her institution of suit was simply payment of a community debt with community funds.

4. HUSBAND AND WIFE ⊂⊃268(1)—COMMUNITY DEBT—COSTS OF SEPARATION SUIT.

Judgment for a wife in her suit for separation from bed and board, under Rev. Civ. Code, art. 2432, retroacted to date of filing of suit, so that the costs of suit taxed against husband are not chargeable to community, but to him separately.

5. HUSBAND AND WIFE ⊂⊃268(1) — SEPARATION — JUDGMENT AGAINST HUSBAND — CHARGEABILITY TO COMMUNITY—STATUTE.

Third person's judgment against husband for debt accruing after wife's institution of separation suit was a separate debt of the husband, not chargeable to the community; judgment in separation suit retroacting to date of filing under Rev. Civ. Code, art. 2432.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit for separation by Mrs. Sophie Gastauer against George Gastauer, her husband, resulting in judgment for plaintiff, who petitioned for the partition of the community of acquêts and gains existing between her and her husband. Judgment was rendered ordering sale of the property and partition of the proceeds, and referring the parties to a notary, who, after the property was sold, took possession of the proceeds, and prepared a project of partition, submitting it to the parties; Otto Walther, a mortgage creditor of the community, objecting. From judgment maintaining Walther's objection and amending the project of partition by recognizing his claim, etc., plaintiff and defendant appeal. Judgment set aside in part, and affirmed in part.

George J. Untereiner, of New Orleans, for appellant Mrs. Sophie Gastauer. Benjamin T. Waldo, of New Orleans, for appellant George Gastauer. Woodville & Woodville, of New Orleans, for appellee Otto Walther.

PROVOSTY, J. After a judgment of separation from bed and board had been rendered in favor of plaintiff against her husband (132 La. 942, 61 South. 879), and plaintiff had accepted the community of acquets and gains that had existed theretofore between them, a partition of the community property was ordered. The property was converted into cash, and the notary to whom had been referred the making of the partition filed his project of partition. In it he recognized certain claims as being debts of the community, and others he noted as being contested.

[1] Among the latter is a claim of Otto Walther for $1,000, represented by a note secured by a mortgage on the community property. Gastauer contends that this note was negotiated by his then lawyers without his consent. His testimony is not consistent with itself, nor with the attending circumstances; and is contradicted by that of the lawyers. We believe the latter; but, if it were otherwise, Walther's claim would still have to be maintained, as he acquired the note in good faith, for value ($950), before maturity. Suspicion is sought to be thrown upon whether the note was negotiated at all; but the evidence satisfied the learned trial 'judge, and satisfies us that it was. The learned counsel for Mrs. Gastauer questions the good faith of Walther, but for so doing bases himself upon the erroneous assumption that because Walther at the time he acquired the note was the client of the said lawyers he must be charged with knowledge of this supposed want of authority of these lawyers to negotiate the note. Such an imputation of knowledge could have been made only if the lawyers had been Walther's agents for acquiring the note; whereas they were the agents of Gastauer for selling it, and Walther dealt with them as such.

[2] The said note and mortgage were executed after Gastauer had brought a suit for divorce against his wife, and had discontinued it. Mrs. Gastauer contends that the discontinuance was for the purpose of relieving Gastauer from the disability a husband is under to dispose of the immovables of the community of acquets and gains pending a suit for divorce (article 150, C. C.), and this solely that he might defraud her by the execution of this mortgage. The answer is that, no matter what may have been the motive of the discontinuance the suit was none the less discontinued, and that, a divorce suit being no longer pending, the disability incident to the pendency of such a suit no longer existed.

[3] Another disputed item is $611, which after the institution of the suit of separation from bed and board Mrs. Gastauer paid to the Union Homestead Association for account of the community. The money with which this payment was made was earned by her before the institution of the separation suit, and therefore belonged to the community (article 2402, C. C.); so that the payment was simply the payment of a community debt with community funds.

Another disputed item is $519, of which there is no further specification in the record, or in the brief, than reference in general to the record in the separation from bed and board suit, and the following:

"To amount due Mrs. Gastauer, paraphernal funds, belonging to her advanced by her for the benefit of the community lately existing between plaintiff and defendant, $1,242."

We assume that, if this claim had been intended to be seriously urged, there would have been greater particularization of it than this.

Another disputed item is $2,148 which Mrs. Gastauer says she spent during the pendency of the suit in separation for the support of the two sons and two daughters of the marriage. The youngest was 19 at the date of the trial. The community property amounts to $3,884.80, and is about absorbed by the community debts. Whether the husband had any other property is not positively shown,

nor what have been his earnings. He was never called upon to contribute towards the support of these young people. Possibly, if such a demand had been made, he would have required them to earn their own livelihood. And, indeed, except as to the youngest daughter, still attending school, the record does not show positively that they have not done so. As to what expenses were incurred, the record is worse than vague. It may be that one spouse may recoup from the other one-half of the expenses voluntarily incurred in support of the children of the marriage; but that question does not necessarily arise upon the facts here stated, and hence is not now decided.

[4] The judgment in the suit in separation from bed and board retroacted to the date of the filing of that suit (C. C. 2432); hence the costs of that suit, $214.60, which the husband was condemned to pay (132 La. 942, 61 South. 879), are not chargeable to the community, but to the husband separately.

[5] In like manner the judgment obtained in the suit of Untereiner v. Gastauer (No. 100789) for a debt of $233.05 accrued after the institution of the suit in separation from bed and board is a separate debt of the husband.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and is hereby, set aside in so far as it recognizes and orders the payment of the claim of Mrs. Gastauer for $611.82, and in so far as it charges the community with the items $214.60, costs in divorce suit, and $233.05, judgment in suit Untereiner v. Gastauer (No. 100789), and the said judgment be, and is hereby, affirmed in so far as it rejects the claims of Mrs. Gastauer for $519, alleged paraphernal funds advanced by her to the community of acquêts and gains, and for one-half of $2,148, alleged expenses incurred by her in support of the children of the marriage, and recognizes the mortgage of Otto Walther as a community debt, and it is ordered, adjudged, and decreed that the said claim for $611.82 be, and the same is hereby, rejected, and that the above-mentioned two items of $214.60 and $233.05 be, and the same are hereby, decreed not to be community debts, but separate debts of the husband, and that the costs of this appeal be paid one-half by the community and one-half by the husband.