No: 2294
Second Circuit Appeal

COCO, BROUSSARD & DUPUY v. LON-
NIE GUY BYRD ET AL.

(June 6, 1925, Opinion and Decree.)

*(Syllabus by. the Editor.)*

1. **Louisiana Digest—Pleading—Par. 62.**
An exception no cause of action aimed
at the petition of attorneys for wife
whose suit for dissolution of the com-
munity and for divorce was withdrawn
will be maintained where the petition
does not state that the suit for dissolu-
tion of the community and for divorce
was carried to a successful conclusion.

2. **Louisiana Digest—Marriage—Par. 172,
173.**
The husband as head and master of the
community cannot be forced to pay the
fee of counsel employed by the wife
in a suit for a dissolution of the com-
munity and for divorce except in cases
where she is successful in her attack.

3. **Louisiana Digest—Marriage—Par. 173.**
The husband is head and master of the com-
munity and he alone can bind the com-
munity.

4. **Louisiana Digest—Marriage—Par. 185.**
The wife is without authority to contract
a debt that will bind the community
during its existence.

Appeal from City Court of Alexandria,
Hon. J. B. Nachman, Judge.

This is a suit for attorney's fees brought
by attorneys for the wife who had sued
for dissolution of the community and di-
vorce. There was judgment for defendants
and plaintiffs appealed.

Judgment affirmed.

R. C. Bauer, of Alexandria, attorney for
plaintiffs, appellants.

Bruton T. Dawkins, of Alexandria, attor-
ney for defendants, appellees.

ODOM, J. Defendants are husband and
wife. The wife Mrs. Christiana Peterson
Byrd, employed plaintiffs to bring suit for
divorce against her husband, Lonnie Guy
Byrd, and, on September 6, 1924, the suit
was filed and a Notary appointed to make
an inventory of all the community property
situated in the parish of Rapides, where
the defendants are domiciled. The com-
munity also owned property in the state
of Tennessee, and an inventory and ap-
praisement thereof was made in Tipton
county. An inventory and appraisement of
the property situated in Rapides parish
was not made, but the Notary, having
selected appraisers and having gone to the
premises to make the inventory, rendered
a bill for his services to the plaintiffs
as attorneys for Mrs. Byrd.

On September 8, 1924, just two days
after the suit was filed, Mrs. Byrd notified
plaintiffs that she wished the suit against
her husband withdrawn, and, acting under
her instructions, plaintiffs dismissed the
suit.

It is alleged that Mr. and Mrs. Byrd are
now living together as husband and wife
and are "maintaining the community of
acquets and gains".

Mrs. Byrd failed to pay plaintiffs, her
attorneys, any fee for their services, and
failed to pay the expenses which they
incurred in connection with the suit.

Her attorneys bring this suit against
the husband and the wife for their fee
and expenses, and ask for judgment against
them individually and in solido.

Defendants tendered an exception of no
cause and no right of action, which was
sustained, and plaintiffs have appealed.

### OPINION.

Counsel for plaintiffs concedes that the
exception of no cause of action is good
insofar as the wife is concerned, but he
insists that the husband should pay the
fee and expenses if not as matter of law
then as a matter of equity.

The question submitted to us for deci-
sion we think has been settled adversely
to plaintiffs' contention. We think the
jurisprudence of this state is settled that
the husband, as head and master of the

community, cannot be forced to pay the fee of counsel employed by the wife in a suit for a dissolution of the community and for divorce, except in cases where she is successful in her attack. The husband is head and master of the community and he alone can bind the community. The wife is without authority to contract a debt that will bind the community during its existence.

The cases of Tucker vs. Carlin, 14 La. Ann. 734; and Trowbridge vs. Carlin, 12 La. Ann. 882, are similar to the instant case, and in those cases it was held that counsel could not recover their fees from the husband and community.

In the case of Benedict vs. Holmes, 104 La. 528, 29 South. 256, all the cases on this subject were reviewed and the court held that counsel who had represented the wife were entitled to recover their fees from the husband as head and master of the community, but in that case the wife was successful in her attack, and the court said:

"In our opinion, the fees of the attorney of the wife who has successfully prosecuted against her husband a suit for separation from bed and board, and a separation of property has a right of action against the latter as head and master of the community for the payment of his fee, as it constitutes a charge against the community, and is payable from its assets."

This holding is based upon the theory that if the husband's conduct is such as to justify the dissolution of the community on the petition of the wife, the community should bear the cost and attorney's fees incident to its dissolution. The wife has the right at all times to go into court and demand that the community be dissolved and that she be granted a divorce. If she is unsuccessful in her suit, she must pay the cost. If, however, she is successful and the community is dissolved, the defendant husband is taxed with the cost. In order for the wife to succeed in

her suit to dissolve the community she must show that it is to her interest at least that it should be dissolved, in which event we can see no reason why the community should not pay the cost of the suit. On the contrary, if she fails in her attack, it is because the community should not be dissolved, in which event we can see no reason why the community should bear the cost of her unsuccessful attack.

It is the husband's privilege to superintend and manage the community assets and it is likewise his duty to protect them. If the husband's conduct toward his wife and his management of the community affairs are such as to warrant a continuation of marital relation between him and his wife and a continuation of the community, he as head and master of the community should not be taxed with the cost and attorney's fees of the wife who makes an unsuccessful attempt to destroy those marital relations.

In the case at bar, the wife became reconciled and withdrew her suit. It was not carried to a successful conclusion. We are not informed as to why the wife withdrew her suit, except that it is stated that she and her husband became reconciled. In such a case the husband should not be required to pay the fees of his wife's attorneys.

In order to set out a cause of action in a case of this kind it is necessary, in our opinion, for the petition to contain allegation that the suit terminated successfully in favor of the wife. There is no such allegation in the plaintiffs' petition.

See:

Purser & Magruder vs. Baientolila, 152 La. 766, 94 South. 366.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the lower court sustaining the exception of no cause of action and dismissing plaintiffs' suit is affirmed.