ROGERS, J.
 

 Plaintiff sued his wife for separation from bed and board, basing his action on allegations of cruel treatment, consisting of abuse, quarrelsome and unbearable conduct, and wrongful accusations Of unfaithfulness. Defendant denied the averments of the petition, and, in turn, reconvened for a separation from bed and board on the ground of cruelty. She alleged the abandonment of the matrimonial domicile for more than a year by her husband; that he resorted to correspondence to vex and torment her; that he associated with and was attentive to other women; and that, notwithstanding her appeals to him to remain and live with her as husband and wife, he refused to do so and declined to forsake the immoral and disreputable life which he was leading.
 

 Judgment was rendered in favor of defendant, and plaintiff appealed.
 

 Plaintiff utterly failed to make out his ■case. He was the only witness sworn in his behalf. He testified that some of the abuse, villifieation, and wrongful accusations which he suffered at the hands of his wife occurred in the presence of his children, and that on one occasion a Mr. E. Landry, a brakeman on the Southern Pacific Railroad, heard his wife curse him. However, he failed to produce Mr. Landry as a witness, and the children took- the stand and swore that they never heard their mdther curse or abuse their father. Defendant denied in toto the testimony of the plaintiff.
 

 On the reconventional demand, we find that plaintiff is a conductor in the employ of the Southern Pacific Railroad Company. The evidence shows his close association with women at several of the towns located on the line of said railroad. With one of these women living in the town of Port Barre his relations appear to have been of a particularly intimate and confidential nature. . This is indicated by a number of letters addressed by her to him, and which, on one occasion, were found in his grip by defendant. Instead of ceasing his attentions to this woman when requested to do so by his wife, plaintiff abandoned the matrimonial domicile and persisted in his said conduct. Defendant testified that on this occasion plaintiff told her: “I am living the kind of life that pleases me; if it suits me, it ought to suit you.” We have been unable to find anywhere in the record any denial by plaintiff of this testimony.
 

 The evidence further shows that some time in the month of June, 1922, defendant received a letter from her husband, in which he informed her, substantially, that he had kept her in ignorance long enough; that he had been running around with other women and had contracted a venereal disease; that he was sorry he was so unfaithful to her, as she had' been a good wife, and he wished something would end his life. The letter was signed, “Tour unworthy Abbie.” Defendant testified that after showing this letter to two of plaintiff’s sisters she destroyed it for the sake of the children. However, one of plaintiff’s sisters took the stand and corroborated defendant’s testimony on this point; the other sister of plaintiff, being sick at the time of the trial, was unable to appear. Plaintiff, himself, does not seriously controvert the fact that he wrote such a letter ; his answer, on being interrogated in regard thereto, being, merely, that he did not remember having written it. Defendant further testified that about two months after she received this letter, plaintiff wrote her another letter which he handed her in person. In this communication he stated that he had taken a bad step three years previous, and that when a man would take a. step once, he would always fall, and that he had learned to love some one else and that he no longer loved her. Defendant stated that this letter
 
 *711
 
 was'destroyed by her husband. Again, we have examined the record carefully and do not find anywhere therein a denial by plaintiff of this testimony given by his wife.
 

 Defendant testified that her husband’s absence from the matrimonial domicile and his course of conduct had caused her much suffering and worry. We think this may well be so, and that no self-respecting wife should be compelled to live with a man who has acted towards her as the plaintiff has acted towards the defendant. See Dowden v. Dowden, 44 So. 115, 119 La. 325.
 

 The judgment appealed from awarded defendant alimony at the rate of $80 per month and decreed that the fees of her attorneys as plaintiff in reconvention be fixed at $250 and taxed as a debt against the matrimonial community.
 

 We do not find the alimony awarded to be excessive. The evidence shows that plaintiff’s'average earnings are $232.25 per month. Moreover, since he absented himself from the matrimonial domicile he has been contributing $80 a month for the support of his family. The fact that the 19 year old son of the parties gives his mother $17.50 per month, and that their 20 year old daughter, working at temporary jobs, occasionally purchases stockings and clothing for her two young sisters, cannot be considered in connection with the fixing of the amount of alimony due by plaintiff for the support of his wife and children.
 

 In so far as the wife’s attorneys’ fees are concerned, this court has held that such fees may be recovered, on a quantum meruit from the matrimonial community if the wife has successfully prosecuted her suit for separation or divorce. Benedict v. Holmes, 29 So. 256, 104 La. 528. And even where the suit is automatically ended by the reconciliation of the parties, the husband as head of the community is liable for the fee of the wife’s counsel. Gosserand v. Monteleone, 159 La. 316, 105 So. 356. The evidence in this ease shows that the attorneys’ fees allowed by the court below are reasonable and proper.
 

 For the reasons assigned, the judgment appealed from is affirmed.