ST. PAUL, J.
 

 The main question here involved is the quantum which should be allowed plaintiffs as attorney’s fees under the following circumstances; they being, under said circumstances, entitled to recover reasonable attorney’s fees from this defendant. Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A. L. R. 310.
 

 I.
 

 The facts of the case are substantially as follows; On May 4th, 1925, defendant’s wife filed suit against him for separation from bed and board, on the ground of cruel treatment. On May ISth, being 14 days afterwards, the parties established, to their mutual satisfaction, what property composed the community of acquets and gains existing between them; the value of these assets being about' $48,000. And shortly thereafter the parties became reconciled, and said suit for separation was abandoned.
 

 In that suit the wife was represented by these same plaintiffs; and apparently they were paid their fees therein, for their present action is not for fees earned in that ease, but for fees earned in a
 
 seooné
 
 suit brought by the wife, to wit, on January 13, 1926, likewise for separation from bed and board on the ground of cruel treatment. So that the first suit passes out of this case, except in so far as it shows that the amount of the community property belonging to the spouses had been satisfactorily established between them at the time the second suit was filed, and the community property (immovables) put in the joint names of both husband and wife.
 

 As to the services rendered by plaintiffs in the* second suit (for which they are now suing), they are thus correctly, stated in the brief filed on their behalf, to wit:
 

 “That plaintiff firm held three or four lengthy consultations with the wife before the preparation and filing of the petition for separation from bed and board and for a preliminary injunction [to restrain the husband from disposing of the community property]; that a rule for alimony was prepared and filed in behalf of the wife; that the rule for injunction was made returnable and tried on January 22, 1926, resulting in an injunction being issued to restrain the husband and other persons from disposing of any of the community property; that on the same date the rule for alimony was also tried, resulting in an award of $90 per month; that shortly afterwards a rule for alimony for the maintenance of a minor child was filed [but never tried]; that the husband appealed suspensively from the judgment awarding alimony to the wife; that [in order to expedite the hearing on appeal] plaintiffs paid for and supervised the preparation of the transcript and lodged same in the Supreme Court about a month and a half before it was due; that plaintiffs prepared a motion to advance the case and a brief in support thereof, and filed them two or three days after the appeal was lodged.”
 

 Thereafter, and before any other proceedings were had, the parties again became reconciled, and the suit was abandoned.
 

 
 *663
 
 n.
 

 Our conclusion is that $400 would be a reasonable fee for the services rendered by plaintiffs in consulting with the wife and preparing and filing her petition for separation: and that an additional allowance of $300 would be a reasonable fee for the other services above set forth; in other words, we think $700 a reasonable fee for all the services above set forth, and that the amount allowed by the trial judge. ($1,150) was excessive.
 

 III.
 

 Plaintiffs advanced $101 in costs of court, which, of course, they are entitled to recover. They also advanced to the wife $100 in cash for her support during the proceedings, the husband having refused to furnish her with anything whatsoever. This they are also entitled to recover. R. O. O. art. 119.
 

 IY.
 

 Plaintiffs also claim an additional $15 paid by them as extra compensation to some .clerical officer for more speedily preparing the transcript in order to hasten the lodging of the appeal.
 

 Such services being exclusively in the interest of those demanding them, the compensation therefor must be borne by themselves alone, and cannot be imposed upon some other person.
 

 This amount cannot be allowed.
 

 Decree.
 

 The judgment appealed from is therefore amended by reducing the amount allowed plaintiffs from $1,366 to $901; and, as thus amended, said judgment is affirmed, with legal interest from judicial demand until paid. Plaintiffs to pay the costs of this appeal, and defendant to pay the costs of the lower court.