165 So. 714

**TULLIS v. CALHOUN.**

No. 33708.

Feb. 3, 1936.

G. P. Bullis, of Vidalia, for applicant.

Hugh Tullis, of Vidalia, for respondent.

LAND, Justice.

Plaintiff brought this suit on quantum meruit for attorney's fees alleged by him to be due by defendant in the sum of $500. Judgment was rendered in plaintiff's favor in the district court in the sum of $200, with interest and costs, and on appeal was affirmed by the Court of Appeal, Second Circuit (161 So. 619).

The case is now before us for review under writ of certiorari herein granted.

Plaintiff, an attorney at law, was employed by the wife of defendant, without any agreement as to fee at the time of employment, to file and prosecute for her a suit for divorce, or in the alternative, for separation of bed and board against her husband, and for alimony pendente lite, and permanent alimony after the decree. Suit was filed and a rule issued to fix the amount of alimony of the wife pending the suit. On the day fixed for the

hearing of the rule, defendant appeared and answered through counsel, and set up reconciliation between him and his wife. At the same time, wife of defendant directed plaintiff, as her attorney, to dismiss her suit, as she had returned to her husband. And accordingly the suit was dismissed.

■ 1. The main question at issue in the present suit is whether or not the husband, or the community of which he is head and master, can be held liable for the fees of counsel employed by the wife in a suit brought by her for divorce or separation from bed and board, and if so, the amount of such fee on quantum meruit.

This court has repeatedly held that, although the wife has been unsuccessful in her suit, and therefore is not entitled to recover the fee in her own name, since she cannot sue the husband during the community to recover a debt, her attorney's may recover a fee against the husband on a quantum meruit in a suit brought by her against her husband for divorce or separation from bed and board. Hughes v. Hughes, 177 La. 785, 149 So. 455; Starns v. Starns, 176 La. 610, 146 So. 165; Spiller v. Spiller, 170 La. 813, 129 So. 212; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310.

■ 2. In his petition for a fee, plaintiff has alleged his employment by the wife of the defendant to bring the suit, that the same was filed and based upon statements made to him by the wife of defendant, which he believed to be true, and that, if the suit had been prosecuted by the wife

of defendant, it would have resulted in a judgment in her favor for a divorce, with allowance for maintenance pending same, and for alimony after final decree had been entered.

Plaintiff alleges that a rule issued on defendant to show cause why an allowance for maintenance during the pendency of the suit should not be made by the court, that, in answer to the rule, defendant set up a reconciliation between his wife and himself, and that plaintiff was directed by her to dismiss the suit.

Plaintiff further alleges that the filing of the suit was the efficient cause of the reconciliation; that a community of acquets and gains existed between defendant and his wife; that defendant is a man of large means; and plaintiff prays for judgment against defendant for a fee in the sum of $500, with interest from judicial demand, and all costs.

The petition clearly sets forth a right or cause of action, both in law and in fact, under the Monteleone and other cases cited supra; and the exception of no right or cause of action was properly overruled.

The case was then tried on the merits. The plaintiff, a venerable and reputable member of the bar, testified that the grounds upon which the suit had been filed were based upon statements made to him by the wife of defendant and her sister, that he believed these statements to be true, and that he made a memorandum of the statements at the time they were made.

We are not impressed with the attack made upon plaintiff by defendant, that

plaintiff filed this suit, without any grounds for the action, as only a "slight disagreement" had occurred, followed by a "quick reconciliation" between defendant and his wife. Neither the district court nor the Court of Appeal found any merit in this contention either as a ground for denying the recovery of the fee or otherwise.

We do not feel called upon to repeat the allegations contained in the petition in this case for divorce and, in the alternative, for a separation from bed and board. Suffice it to say the parties have become reconciled and are now living together as man and wife, and the curtain has fallen upon their past conjugal differences.

It is therefore ordered that the judgment of the Court of Appeal for the parish of Ouachita be, and is hereby, affirmed, and that relator, J. L. Calhoun, pay the costs of this proceeding.