O’NIELL, Chief Justice.
 

 This appeal is from a judgment of separation from bed and board. The cause of action was ill treatment of the wife by the husband to such an extent as to render her living with him insupportable, as the Civil Code, Art. 138, subd. 3, provides. The judgment gave the plaintiff the care and control of her two minor daughters, Nellwyn, now eighteen, and Mavis, now sixteen. The judgment allowed the wife $60 a month alimony for her support and for that of the two daughters, and condemned the defendant to pay her attorney’s fee of $125.
 

 Mr. and Mrs. Goodwin were married on July 4, 1918, and lived together happily for about nineteen years. They have two sons and three daughters of the age of majority, besides the two minor daughters. During the last five. years of their living together, the husband’s treatment of his wife and children was very cruel. In his anger he whipped them mercilessly, not only with his hands but with switches and sticks. His outbursts were of frequent occurrence. The wife contends that the whippings inflicted upon her children: in her presence and against her protests, constituted cruelty to her also. All of this. bad conduct on the part of the husband is, proven by the testimony of the wife and of four of her children, who lived in the same house with their parents during the last five years of their living together. It was. on the occasion of the last whipping which, the husband administered to his wife that she left him for the purpose of bringing; this suit.
 

 In his answer the defendant denies that he'treated his wife cruelly and avers that she was cruel to him; hence he prays for a judgment of separation in his favor, and for the care and control of the two minor’ children.
 

 The evidence shows that the wife was. not cruel or abusive to her husband. She-admitted on the trial of the case that, during one of his outbursts, when he had. thrown her to the floor of the kitchen and was beating her and pressing her body against a hot iron, she got hold of a stick of stovewood and struck him in the face with it. The facts in that connection show that the wife was justified by the law of' self-defense in striking her husband with the stick of stovewood. He testified that at the same time she injured his thumb with the stovewood. If so, it was merely an incident of her resorting to the first law of nature.
 

 The defendant called five witnesses to. corroborate his testimony concerning the domestic quarrels. One of the witnesses knew nothing about the trouble. Three
 
 *693
 
 ■others testified merely that they saw' the ■defendant sometime after the difficulty in which his wife struck him with the piece ■of stovewood, and that they saw the injury above his eye, and saw the injured thumb. This testimony adds nothing to the wife’s admission that she used the piece of stove-wood in self-defense. The fifth one of the witnesses for the defendant testified that he visited the Goodwin home two or three times and that on one of his visits, while he and Mrs. Goodwin and the children were in the kitchen, Mr. Goodwin entered and ■some one in the party said to him “Get ■out of here”. The witness thought that Mrs. Goodwin was the one who said “Get ■out of here”, but was not sure whether she or one of the daughters said it. The witness testified that he never had heard Mrs. Goodwin curse her husband but had heard one of the daughters curse him, and had heard three of’ them talk about him “a little hit rough”. If it is true that the daughters talked about their father a little bit rough the talk — or the roughness of it — was provoked by his ill treatment of them and their mother, and was therefore in some measure pardonable. There is no evidence that the ■mother encouraged or condoned the daughters’ cursing their father, or their treating him rough — as the witness puts it.
 

 Our conclusion is that the evidence as a whole supports the judgment for the plaintiff.
 

 The defendant in his answer to the «demand for alimony averred that if the court should allow the wife alimony the amount should not .exceed $9 per week. The husband has a steady salary of $144 per month and has some other income from royalties on oil leases. His royalties, however, are subject to a usufruct in favor of his mother. The wife testified that she could not support herself and the two children with less alimony than $100 a month. But at the time of the trial of the case she was earning about $23 a week at manual labor at a defense plant. We consider the judgment for alimony substantially correct, and considering also that it is subject to amendment by the judge of the district court at any time, according to any change in the financial condition of either of the parties, we see no reason for amending the judgment now.
 

 There is no complaint about the allowance of $125 for the plaintiff's attorney’s fee. In a suit in which a woman obtains a judgment of divorce or of separation from bed and board her attorney’s fee is a community debt, and is therefore chargeable to the husband. Benedict v. Holmes, 104 La. 528, 29 So. 256; Gosser and v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310; Lester v. Lester, 160 La. 708, 107 So. 499; Balfe v. Balfe, 165 La. 283, 115 So. 489; Shipp v. Shipp, 183 La. 1025, 165 So. 189; New v. New, 186 La. 1017, 173 So. 748; Martin v. Martin, 191 La. 761, 186 So. 94.
 

 The judgment appealed from is affirmed.