136 So.2d 805 (1962)
John F. MEYER
v.
Harry H. HOWARD.
No. 180.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1962.
Rehearing Denied February 5, 1962.
Certiorari Denied March 16, 1962.
Roland R. Selenberg, Metairie, for plaintiff-appellee.
William J. Lopez, New Orleans, for defendant-appellant.
Before YARRUT, SAMUEL and JOHNSON, JJ.
YARRUT, Judge.
Defendant appeals from a judgment below awarding Plaintiff $150 attorney's fee for representing Defendant's wife in a suit by her for separation from bed and board. Within a week or so after the filing, the suit was dismissed by mutual consent. Later, Defendant obtained a divorce from his wife, and paid the insolvent community creditors, other than Plaintiff. Among the assets of the community was the family home.
Defendant contends he has no personal liability for his wife's attorney's fee because (1) she was not in good faith when she filed her suit; and (2) if liable, his liability is limited to and only payable out of community property existing at the time of the divorce.
Regarding the question of good faith, even though the wife is unsuccessful *806 in her separation or divorce suit, her good faith is presumed, and her attorney may recover his fee on a quantum meruit basis from the community, unless the husband urges and proves her bad faith. Parker, Seale & Kelton v. Messina, 214 La. 203, 36 So.2d 724; Chapman v. Chapman, La.App., 130 So.2d 811; Franks v. Franks, 236 La. 122, 107 So.2d 415; Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794.
The dismissal by the wife of her suit without a trial and with the consent of her husband should be more favorable than an unsuccessful prosecution. The law favors every attempt to reconcile estranged couples.
Furthermore, had Defendant considered his wife in bad faith in filing her suit, he would not have agreed in writing to pay her attorney, along with other creditors he agreed to pay.
With reference to the non-existence of a community, Defendant's testimony is that, after he obtained the divorce, their family home was sold and he paid the community creditors, other than Plaintiff. Since the husband undertook to settle the community extrajudicially without paying Plaintiff, he is personally bound for the debt. Whether the debts paid were privileged or not, is not clear, although Defendant testified part of the proceeds from the sale of the family home were used to pay an outstanding mortgage. However, since there was community property at the time of the divorce obtained by the husband, it was his duty to account for his inability to pay Plaintiff. That the estate was insolvent is no answer, as the ordinary creditors were entitled to pro rata distribution after payment of the preferred creditors.
With reference to quantum, Plaintiff sought to collect $300, but the trial judge allowed only $150. The record shows that Plaintiff prepared the petition for separation, coupled with the application for a temporary restraining order, after a series of interviews with his client. While he made no appearance in court before the suit was dismissed, we can see no error in the award of $150.
For the reasons assigned, the judgment of the First City Court of New Orleans is affirmed; Defendant to pay all costs.
Affirmed.